IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| vs. | * | CRIMINAL NO. 14-00274-KD-N |
| MICHAEL ROBERT ERSKINE | * | |
| Defendant. | * | |

## ORDER

Defendant, Michael Robert Erskine, appeared with his counsel of record, Donald Briskman, Esq., before the undersigned Magistrate Judge on January 7, 2015 for a bond revocation hearing. Assistant United States Attorney, Maria Murphy, was also in attendance at the hearing.

Defendant is charged by way of indictment with violating the SORNA. After a detention hearing on December 23, 2014, the undersigned set conditions of release for the Defendant, which included location monitoring. At the time, Defendant had no landline phone and a GPS System was not available until January 5, 2015. On December 31, 2014, pursuant to instructions from the undersigned, Mr. Briskman was notified by Probation Officer Clay Marsal that Defendant would be released from the Monroe County Jail on Monday January 5, 2015 at 10:00 a.m. and was to report to the U.S. Probation Office in Mobile for location monitoring by 1:00 p.m. that same day.

Defendant was released from the Monroe County Jail at 10:00 a.m. on

Monday January 5, 2015 but failed to report to Probation as directed. Probation Officers Brian Hayes and Clay Marsal attempted to contact Defendant by calling his cell phone but were unsuccessful. At approximately 5:04 p.m. on January 5, 2015 Defendant, (using a friend's cell phone) contacted Officer Hayes and advised that he was in Saraland and had observed officers at his home. Probation Officer Hayes instructed Defendant to surrender himself to the officers. However, Defendant failed to immediately comply. At approximately 5:40 p.m. Defendant surrendered to Deputy United States Marshal Sean Carney without incident. [1]

At the bond revocation hearing Defendant advised that he called a friend to pick him up at the jail and that she encountered car problems prior to reaching the jail. Defendant advised that he walked approximately three miles from the jail to the car repair shop arriving sometime around 1:00 p.m. The friend produced a receipt to Probation Officer Hayes that reflects that the car repair was completed approximately 3:00 p.m. on January 5, 2015.

Defendant advised that he "was under the impression" that he "had until 4:00 p.m." to appear at the Probation Office. From the testimony of DUSM Carney, as well as Defendant's representations, it appears that Defendant arrived in Mobile around 4:30 p.m. but did not go straight to the Probation Office. Rather, he arrived at his home in Saraland where he observed officers awaiting his return. Shortly thereafter, he contacted Probation Officer Hayes and inquired why officers were at his home.

---

1  DUSM Carney testified at the bond revocation hearing.

Defendant was aware of his obligation to report to Probation upon release. This was relayed to the defendant in person by the undersigned at the time the COR were set and was relayed by Probation Officer Marsal to Defendant's counsel of record via telephone message and email transmission.   While it appears that Defendant's friend did, in fact, have car trouble , Defendant had access to his friend's cell phone and could have contacted PO Hayes prior to 5:04 p.m. to report the difficulty.   Moreover, when Defendant finally arrived in Mobile he did not report to the Probation Office but rather went to his home in Saraland.   It was only then, when he discovered officers present, that he called PO Hayes.   Finally, although advised by PO Hayes to immediately surrender, Defendant delayed doing so by approximately 40 minutes.   Upon consideration of the information contained in the violation notice, the pretrial services report, the testimony of   DUSM Sean Carney and the arguments of both counsel at the bond revocation hearing, the undersigned **FINDS** that Defendant is in violation of his conditions of pretrial release.   In sum, Defendant has violated the conditions of his release by failing to report to Probation upon release from Monroe Jail for purposes of setting up GPS monitoring.   Given his failure to abide by conditions set by this Court,   the undersigned finds that it is not appropriate to continue Defendant on pretrial release.   Accordingly, the conditions of release entered on December 23, 2014 are hereby **REVOKED** and Defendant is **REMANDED** into custody of the United States Marshal pending the outcome of his case.

Defendant is committed to the custody of the Attorney General

or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or pending held in custody pending appeal.   Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.   On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

     DONE this 8th day of January 2015.

                                            s/KATHERINE P. NELSON
                                            UNITED STATES MAGISTRATE JUDGE