IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL ROBERT ERSKINE**       ) | |
|     Petitioner,       ) | |
|            ) | **Criminal Action No: 14-00274-KD-B** |
| v.       ) | |
|            ) | **Criminal Action No: 15-00079-KD-B** |
| **UNITED STATES OF AMERICA,**       ) | |
|     Respondent.       ) | |

### ORDER

This matter is before the Court on Petitioner Michael Robert Erskine's Motions to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. (Doc. 69 in 14-00274-KD-B and Doc. 43 in 15-00079-KD-B).[1] For the reasons discussed below, the motions are **DISMISSED without prejudice for lack of jurisdiction**.

Erskine was indicted for failing to register as required by the Sex Offender Registration and Notification Act (Criminal Action No. 14-00274-KD) and for receiving and distributing images of child pornography (Criminal Action No. 15-00079-KD).[2] Erskine executed a plea agreement and pled guilty. He was sentenced and judgment was entered[3] in both actions on October 14, 2015 (Doc. 59; Doc. 32). At the sentencing hearing, the Court informed Erskine that if he wished to appeal, he must file a notice of appeal within fourteen days.

Erskine filed his motions and notices of appeal in the Court of Appeals for the Eleventh Circuit on April 7, 2016. Subsequently, they were transmitted to this Court (Docs. 61, 62; Docs. 35, 36). Because Erskine is an inmate, his motions and notices were deemed filed on the date that he signed, April 4, 2016, which was nearly five months after the entry of judgment on October 14,

---

[1] Petitioner has filed identical motions in both cases. Petitioner was indicted for failing to register as required by the Sex Offender Registration and Notification Act (14-00274-KD-B) and for receiving and distributing images of child pornography (15-00079-KD-B).

[2] Docket entry references contained in this Order are to the 2014 case first, and the 2015 case second.

[3] Fed. R. App. P. 4(b)(6) defines entry of judgment as follows: "A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket."

2015.[4]  On April 25, 2016, this Court denied Petitioner's motion for extension of time to file an appeal. (Doc. 66; Doc. 40). However, as of this date, Erskine's direct appeal remains pending before the Eleventh Circuit Court of Appeals (docket number 16-11665).[5]

As Erskine's appeal remains pending, this Court lacks jurisdiction to consider his motions filed pursuant to 28 U.S.C. § 2255. In *Blair v. United States*, the Eleventh Circuit explained:

> In the absence of extraordinary circumstances, a district court does not have jurisdiction to consider or rule on a § 2255 motion during the pendency of a direct appeal of the underlying criminal conviction or sentence. *United States v. Dunham,* 240 F.3d 1328, 1329 (11th Cir. 2001); *see also United States v. Khoury,* 901 F.2d 975, 976 (11th Cir.1990) (noting district court's finding that no extraordinary circumstances warranted consideration of § 2255 motion during direct appeal). The appropriate course of action for addressing a § 2255 motion filed during the pendency of the direct appeal is to dismiss the § 2255 action without prejudice. *See Dunham,* 240 F.3d at 1330 (vacating order denying § 2255 motion without prejudice to filing a § 2255 motion after disposition of direct appeal).
>
> Because [the Defendant/Petitioner] was pursuing a direct appeal from his criminal conviction in this Court at the time he filed his § 2255 motion, and because there were no extraordinary circumstances requiring immediate consideration of that motion, the district court lacked jurisdiction to consider it.

527 F. App'x 838, 839 (11th Cir. 2013).[6]

Similarly, there are no extraordinary circumstances in the instant case. Accordingly, Petitioner's motions are **DISMISSED without prejudice for lack of jurisdiction**.

**DONE** and **ORDERED** this **29th** day of **December 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[4] *United States v. Miller*, 420 Fed.App'x. 912, 913 n.3 (11th Cir. 2011) ("Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. . . . Absent evidence to the contrary, there is a presumption that a prisoner delivered his pleadings to prison officials on 'the day he signed it.'") (citations omitted); *United States v. Davenport*, 2006 WL 637819, at *1, n.1 (11th Cir. Mar. 15, 2006) ("a notice of appeal filed by a *pro se* prisoner is deemed filed on the date the prisoner delivers it to the prison authorities or places it in the prison mail system.")

[5] After reviewing Petitioner's docket sheet in Court of Appeals docket number 16-11665, the chambers of the undersigned contacted the Eleventh Circuit Court of Appeals to confirm that Petitioner's appeal remains pending before that Court.

[6] The Court acknowledges that unpublished opinions are persuasive authority rather than binding precedent.